UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARC AMERUSO,

                         Plaintiff,

              -against-                         **SECOND AMENDED COMPLAINT**

THE CITY OF NEW YORK; MARVIN JOHNSON;
JESSE PINTO; MILDRED VELEZ; JOHN        **Jury Trial Demanded**
SHAPIRO; and JOHN/JANE DOES, Nos. 1-10
(the names John and Jane Doe being fictitious, as the    **ECF Case**
true names are presently unknown to plaintiff),

                                                             15 Civ. 3381 (RA) (JCF)

                       Defendants.
------------------------------------------------------------------x

       Plaintiff MARC AMERUSO, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

       3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

       4.     The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff MARC AMERUSO is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant times herein, a municipal corporation duly organized and existing under the laws of the States of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant MARVIN JOHNSON (Shield No. 12307) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Johnson was a police officer assigned to the First Precinct. Defendant Johnson is being sued in his individual capacity.

10. Defendant JESSE PINTO (Shield No. 4505) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Pinto was a sergeant assigned to the First Precinct. Defendant Pinto is being sued in his individual capacity.

11. Defendant MILDRED VELEZ (Shield No. 2846) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Velez was a police officer assigned to the First Precinct. Defendant Velez is being sued in her individual capacity.

12. Defendant JOHN SHAPIRO (Shield No. 12753) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Shapiro was a police officer assigned to the First Precinct. Defendant Shapiro is being sued in his individual capacity.

13. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

14. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

15. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and opportunity to protect plaintiff from the unlawful actions of the other defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

16.     On Monday, February 3, 2014, at about 1:45 a.m., in the vicinity of 50 Varick Street in Manhattan, plaintiff was standing on a public sidewalk and an area of the street set aside for pedestrian traffic lawfully photographing and videotaping a Super Bowl party for the opening of a new club named Spring Studios in his neighborhood -- a club about which residents and the local community board had expressed noise and other legitimate quality-of-life concerns.

17.     While plaintiff photographed and videotaped the event, he noticed police officers suddenly assault a civilian -- a complete stranger to plaintiff -- for no apparent reason.

18.     As soon as plaintiff attempted to photograph and videotape the police assault on the civilian, defendant Johnson -- totally unprovoked by plaintiff -- blindsided and shoved plaintiff to the ground, causing plaintiff to suffer injuries to his right hand, right wrist, left hand, left shoulder, and left knee, as well as bruising to his arms and legs.

19.     About a half hour later, plaintiff informed a police supervisor -- on information and belief, defendant Pinto -- that he was assaulted by an officer (defendant Johnson) and asked the supervisor for that officer's name and shield number.

20.     The supervisor told plaintiff to ask defendant Johnson, who was standing nearby, for that information.

21.     When plaintiff asked defendant Johnson for his name and shield number, as the supervisor had instructed plaintiff to do, defendant Johnson and several other officers, including defendants Pinto, Velez, and Shapiro, struck plaintiff, violently threw plaintiff to the ground, and aggressively searched plaintiff.

22.     Defendant Johnson and the other officers used more force than was reasonably necessary to take plaintiff into custody.

4

23. Plaintiff did not in any way provoke the police assault on him and offered no physical resistance.

24. Plaintiff was arrested without probable cause to believe that he had committed any crime or offense.

25. An officer put excessively tight handcuffs on plaintiff.

26. Plaintiff asked officers to loosen the handcuffs but they refused to do so.

27. Plaintiff was taken to the First Precinct and placed in a holding cell.

28. About an hour later, plaintiff was released from custody.

29. Defendant Johnson issued plaintiff three summonses, the first charging plaintiff with disorderly conduct under New York Penal Law § 240.20(2) (making unreasonable noise), the second charging plaintiff with disorderly conduct under New York Penal Law § 240.20(4) (disturbing a lawful assembly or meeting), and the third charging plaintiff with disorderly conduct under New York Penal Law § 240.20(5) (obstructing vehicular or pedestrian traffic).

30. The charges were false, as plaintiff did not make unreasonable noise, disturb a lawful assembly, or obstruct vehicular or pedestrian traffic.

31. In connection with plaintiff's arrest, officers, including defendant Johnson, filed a false and misleading report and made false and misleading statements to the New York County District Attorney ("District Attorney") regarding the circumstances of the arrest, causing the District Attorney to decide to prosecute plaintiff.

32. On April 24, 2014, plaintiff was arraigned on the charges in the Summons Arraignment Part of the New York City Criminal Court, New York County.

33. Plaintiff pleaded not guilty, as he was innocent of all charges.

34. The case was adjourned for plaintiff to fight the charges.

35. On July 1, 2014, the summonses for disorderly conduct under New York Penal Law §§ 240.20(2) (making unreasonable noise) and 240.20(4) (disturbing a lawful assembly or meeting) were dismissed for facial insufficiency.

36. On October 29, 2014, the summons for disorderly conduct under New York Penal Law § 240.20(5) (obstructing vehicular or pedestrian traffic) was dismissed for failure to prosecute.

37. Altogether, plaintiff had to make five court appearances over a period of seven months to defend himself against the false charges made against him.

38. As a result of the foregoing, plaintiff suffered, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

39. Plaintiff suffered a torn labrum in his left shoulder for which surgery has been recommended, though his doctors have informed plaintiff that the surgery would be painful and that he would face an extensive recovery period. Plaintiff is continuing physical therapy.

40. Plaintiff also suffered numbness, tingling, and weakness in his right wrist (from the excessively tight handcuffs) for which plaintiff has had to undergo extensive physical therapy, though plaintiff's doctor has advised plaintiff that he may never fully heal.

41. The above police misconduct occurred as a direct result of unconstitutional customs, polices, and practices of the City and the NYPD, including, but not limited to: arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; fabricating evidence to justify a false arrest; and retaliating against individuals who attempt to photograph and videotape police misconduct.

42. The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board.

43. In denying the City's motion to dismiss a municipal liability claim in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein, United States District Judge, observed:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Id.* at *2.

44. Seemingly acknowledging the problem, then New York City Police Commissioner Raymond E. Kelly stated in October 2009, "When it happens, it's not for personal gain. It's more for convenience." Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

45. Between 2005 and 2009, the NYPD refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB during that period resulted in NYPD discipline more severe than verbal instructions. *Id.*

46. The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

47. Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48. Defendants, acting in concert and within the scope of their authority, stopped arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

49. Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

51.     Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for photographing and videotaping police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Unlawful Search Claim Under 42 U.S.C. § 1983)

53.     Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54.     Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff without probable cause, privilege or consent, in violation of plaintiff's right to be from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

55.     Plaintiff repeats and realleges paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause a prosecution that terminated

in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### SIXTH CLAIM FOR RELIEF

**(Violation of Right to Fair Trial Claim Under 42 U.S.C. §1983)**

57. Plaintiff repeats and realleges paragraphs "1" through "56" with the same force and effect as if they were fully set forth herein.

58. Defendants created false, fabricated evidence against plaintiff and used that evidence against plaintiff in legal proceedings, causing plaintiff to suffer a violation of his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

### SEVENTH CLAIM FOR RELIEF

**(Failure to Intervene Claim Under 42 U.S.C. § 1983)**

59. Plaintiff repeats and realleges paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, thus violating plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

### EIGHTH CLAIM FOR RELIEF

**(Municipal Liability Claim Under 42 U.S.C. § 1983)**

61. Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the Constitution of the United States, including, but not limited to: arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; fabricating evidence to justify a false arrest; and retaliating against individuals who attempt to photograph and videotape police misconduct.

63. The City and the NYPD have inadequately screened, hired, retained, trained, and supervised police officers.

64. The foregoing customs, polices, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

65. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

66. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

67. The foregoing customs, policies, and practices deprived plaintiff of the right to be free from unreasonable seizure and freedom of speech, in violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## Supplemental State Law Claims

68. Plaintiff repeats and realleges paragraphs "1" through "67" with the same force and effect as if they were fully set forth herein.

69. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

11

70. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City but the City has wholly neglected or refused to make an adjustment or payment thereof.

71. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

72. Plaintiff has complied with all conditions precedent to maintaining this action.

### NINTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

73. Plaintiff repeats and realleges paragraphs "1" through "72" with the same force and effect as if they were fully set forth herein.

74. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

### TENTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

75. Plaintiff repeats and realleges paragraphs "1" through "74" with the same force and effect as if they were fully set forth herein.

76. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

### ELEVENTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

77. Plaintiff repeats and realleges paragraphs "1" through "76" with the same force and effect as if they were fully set forth herein.

78. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## TWELFTH CLAIM FOR RELIEF

### (Free Speech Claim Under New York Law)

79. Plaintiff repeats and realleges paragraphs "1" through "78" with the same force and effect as if they were fully set forth herein.

80. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for photographing and videotaping police misconduct, in violation of plaintiff's right to freedom of speech under Article 1, Section 8 of the New York State Constitution.

## THIRTEENTH CLAIM FOR RELIEF

### (Unlawful Search Claim Under New York Law)

81. Plaintiff repeats and realleges paragraphs "1" through "80" with the same force and effect as if they were fully set forth herein.

82. Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff without probable cause, privilege or consent, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York State Constitution.

## FOURTEENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Claim Under New York Law)

83. Plaintiff repeats and realleges paragraphs "1" through "82" with the same force and effect as if they were fully set forth herein.

84. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## FIFTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

85. Plaintiff repeats and realleges paragraphs "1" through "84" with the same force and effect as if they were fully set forth herein.

86. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## SIXTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

87. Plaintiff repeats and realleges paragraphs "1" through "86" with the same force and effect as if they were fully set forth herein.

88. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)  Compensatory damages in an amount to be determined at trial;

(B)  Punitive damages in an amount to be determined at trial;

(C)  Reasonable attorney's fees and costs of this litigation; and

(D)  Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       February 12, 2016

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

TO:  Peter J. Fogarty (via ECF)
     Assistant Corporation Counsel
     Special Federal Litigation Division
     New York City Department of Law
     100 Church Street
     New York, New York 10007
     *Attorney for Defendants, The City of New York
         and Marvin Johnson*

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARC AMERUSO,                                            :
                                                         :
                           Plaintiff,                    :
                                                         :
            -against-                                    :
                                                         :
THE CITY OF NEW YORK; MARVIN JOHNSON;                    :       15 Civ. 3381 (RA) (JCF)
JESSE PINTO; MILDRED VELEZ; JOHN                         :
SHAPIRO; and JOHN/JANE DOES, Nos. 1-10                   :
(the names John and Jane Doe being fictitious, as the    :
true names are presently unknown to plaintiff),          :
                                                         :
                           Defendants.                   :
------------------------------------------------------------------------x


**SECOND AMENDED COMPLAINT**




Robert T. Perry
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*