# The Law Office of Bryan J. Swerling, P.C.

July 22, 2019

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Marc Ameruso v. City of New York et al.
       15 Civ. 3381 (RA) (BCM)

Dear Honorable Madam:

This letter is respectfully submitted in further support of Plaintiff's position concerning the relevance of *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) and in response to Defendants' argument concerning the same.

In sum, Defendants' position in this matter completely contravenes the standard for summary judgment where the Court must accept as true a factual assertions by the non-moving party.  A motion for summary judgment requires the moving party to show that there are no material issues of fact in dispute, permitting the Court to determine the claim as a matter of law.

Plaintiff's version of the facts, as the non-moving party, are set forth in its opposition papers which cites to the record, and must be accepted in light of Defendants' summary judgment motion.

Here, Defendants mistakenly look only to self-serving facts in its favor, without even addressing the entirety of the record in this matter, which clearly shows that Defendants arrested Plaintiff as a result of recording police activity outside of newly opened nightclub.  Plaintiff's version of the facts are set forth in its opposition papers and reflected in the record

As initially stated in Plaintiff's letter concerning the *Nieves* decision, the Supreme Court held that a claim for wrongful arrest in retaliation for the exercise of protected speech does not require the claimant to establish a lack of probable cause when "otherwise similarly situated individuals not engaged in the same sort of protected speech" had not been arrested.

As a clear example of applying this standard, the Court notes that a person complaining about police activity, a lawful exercise of free speech rights, who is then arrested for jaywalking, can assert a claim for retaliation without establishing that there was no cause for the arrest.  Because jaywalking is a minor offense that does not generally result in arrest, there is a clear "causal

*Law Office of Bryan J. Swerling*

connection between animus and injury." *Id.* at 1727.  The Court notes that a probable cause inquiry does little to shed light as to a retaliatory reason for the arrest.

The Court in *Nieves* concluded that the claimant in that case could not show he was arrested as retaliation for exercising his free speech rights because (1) the arresting officer had no knowledge of anything that the claimant had said; and (2) there was probable cause to arrest him for *physically provoking* a law enforcement official, a serious offense.

Contrary to Defendants' assertions, the Supreme Court did not require a claimant who is arrested for such a minor infraction to show (1) statistics and data that reveal the number of non-arrests for infractions such as jaywalking; or (2) *conclusive* evidence that the arrest was motivated by retaliation.

Here, the record clearly reveals that Plaintiff's arrest was a pretext to punish Plaintiff for exercising his rights in documenting police conduct.   Again, Plaintiff was recording police activity with his camera from a distance.  He was not arrested or detained while law enforcement officials were actively engaged in assisting an intoxicated patron, controlling an unruly crowd, or conducting other law enforcement duties.

Instead, Plaintiff was arrested when he asked Officer Johnson for his identifying information.  Prior to the arrest, Officer Johnson had pushed Plaintiff to the ground after observing Plaintiff recording police activity from 10 to 15 feet away from police activity.

Importantly, Defendants present absolutely no evidence to refute these facts other than self-serving statements.

The application of *Nieves* in this matter is clear.  While Plaintiff was arrested for minor infractions such as violation of the Vehicle and Traffic law <u>for standing in the street</u>, these charges were clearly a pre-text for retaliating against Plaintiff for recording police activity.  Defendants have not and cannot show that individuals are arrested for standing in the street on any routine basis.  Defendants other charges are without support in the record.

Again, the Court in *Nieves* does not require a claimant to show statistics of the number of non-arrest of individuals standing in the street.  Furthermore, Defendants' assertion that "plaintiff would have been arrested anyway," is belied by the record.  Plaintiff was arrested as retaliation for

*Law Office of Bryan J. Swerling*

exercising his rights in documenting police activity without in any manner interfering with law enforcement duties.

Very truly yours,

/s/

Bryan J. Swerling, Esq.